# UNITED STATES DISTRICT COURT
## Southern District of Indiana

**Kristine L. Seufert, Clerk of Court**

Birch Bayh Federal Building
& U.S. Courthouse, Room 105
46 East Ohio Street
Indianapolis, IN 46204
(317) 229-3700

U.S. Courthouse, Room 104
921 Ohio Street
Terre Haute, IN 47807
(812) 231-1840

Winfield K. Denton Federal Building
& U. S. Courthouse, Room 304
101 NW Martin Luther King Blvd.
Evansville, IN 47708
(812) 434-6410

Lee H. Hamilton Federal Building
& U.S. Courthouse, Room 210
121 West Spring Street
New Albany, IN 47150
(812) 542-4510

February 24, 2026

Lauren Wheatley
UNITED STATES ATTORNEY'S OFFICE
(Evansville)
101 NW Martin Luther King, Jr. Blvd.
Suite 250
Evansville, IN 47708

RE: UNITED STATES OF AMERICA v. DAVID CAPERS

CAUSE NO: 3:17-cr-00022-RLY-CSW-1

Dear Appellant and Appellee:

Please be advised that the Notice of Appeal filed in 3:17-cr-00022-RLY-CSW-1 has been forwarded to the United States Court of Appeals for the Seventh Circuit. The Clerk of the Seventh Circuit will assign an appellate case number, docket the appeal, and notify case participants of the Seventh Circuit case number assigned to this matter.

Please review Seventh Circuit Rule 10 (enclosed) for guidance regarding record preparation.

Please contact the Clerk's office with any questions or concerns.

Sincerely,

Kristine L. Seufert
Clerk of Court

## Selected Rules for Reference

**CIRCUIT RULE 10. Preparation and Accessibility of Record in District Court Appeals**

**(a) Record Preparation Duties.**

**(1) Within 14 days of filing the notice of appeal the district court must ensure the district court docket is complete and made available electronically to the court of appeals.**

**(2) The clerk of the district court must prepare and hold any confidential record or exhibit not available electronically on the district court docket until requested by the court of appeals.**

**(3) Counsel must ensure, within 21 days of filing the notice of appeal, that all electronic and non electronic documents necessary for review on appeal are on the district court docket.**

(b) *Correction or Modification of Record.* A motion to correct or modify the record pursuant to Rule 10(e), Fed. R. App. P., or a motion to strike matter from the record on the ground that it is not properly a part thereof must be presented first to the district court. That court's order ruling on the motion must be included as part of the record and a notice of the order must be sent to the court of appeals.

(c) *Order or Certification with Regard to Transcript.* Counsel and court reporters are to utilize the form prescribed by this court when ordering transcripts or certifying that none will be ordered. For specific requirements, see Rules 10(b) and 11(b), Fed. R. App. P.

(d) *Ordering Transcripts in Criminal Cases.*

(1) *Transcripts in Criminal Justice Act Cases.* At the time of the return of a verdict of guilty or, in the case of a bench trial, an adjudication of guilt in a criminal case in which the defendant is represented by counsel appointed under the Criminal Justice Act (C.J.A.), counsel for the defendant must request a transcript of testimony and other relevant proceedings by completing a C.J.A. Form No. 24 and giving it to the district judge. If the district judge believes an appeal is probable, the judge must order transcribed so much of the proceedings as the judge believes necessary for an appeal. The transcript must be filed with the clerk of the district court within 40 days after the return of a verdict of guilty or, in the case of a bench trial, the adjudication of guilt or within seven days after sentencing, whichever occurs later. If the district judge decides not to order the transcript at that time, the judge must retain the C.J.A. Form No. 24 without ruling. If a notice of appeal is filed later, appointed counsel or counsel for a defendant allowed after trial to proceed on appeal in forma pauperis must immediately notify the district judge of the filing of a notice of appeal and file or renew the request made on C.J.A. Form No. 24 for a free transcript.

(2) *Transcripts in Other Criminal Cases.* Within 14 days after filing the notice of appeal in other criminal cases, the appellant or appellant's counsel must deposit with the court reporter the estimated cost of the transcript ordered pursuant to Rule 10(b), Fed. R. App. P., unless the district court orders that the transcript be paid for by the United States. A non-indigent appellant must pay a pro rata share of the cost of a transcript prepared at the request of an indigent co-defendant under the Criminal Justice Act unless the district court determines that fairness requires a different division of the cost. Failure to comply with this paragraph will be cause for dismissal of the appeal.

(e) *Indexing of Transcript.* The transcript of proceedings to be part of the record on appeal (and any copies prepared for the use of the court or counsel in the case on appeal) must be bound by the reporter, with the pages consecutively numbered throughout. The transcript of proceedings must contain a suitable index, as well as the following information:

(1) An alphabetical list of witnesses, giving the pages on which the direct and each other examination of each witness begins.

(2) A list of exhibits by number, with a brief description of each exhibit indicating the nature of its contents, and with a reference to the pages of the transcript where each exhibit has been identified, offered, and received or rejected.

(3) A list of other significant portions of the trial such as opening statements, arguments to the jury, and instructions, with a reference to the page where each begins.

When the record includes transcripts of more than one trial or other distinct proceeding, and it would be cumbersome to apply this paragraph to all the transcripts taken together as one, the rule may be applied separately to each transcript of one trial or other distinct proceeding.

(f) *Presentence Reports.* The presentence report is part of the record on appeal in every criminal case. The district court must maintain this report under seal, unless it has already been placed in the public record in the district court. If the report is under seal, the report may not be included in the appendix to the brief or the separate appendix under Fed. R. App. P. 30 and Circuit Rule 30. Counsel of record may review the presentence report but may not review the probation officer's written comments and any other portion submitted in camera to the trial judge.

(g) *Effect of Omissions from the Record on Appeal.* When a party's argument is countered by a contention of waiver for failure to raise the point in the trial court or before an agency, the party opposing the waiver contention must give the record cite where the point was asserted and also ensure that the record before the court of appeals contains the relevant document or transcript.

NOTE: The complete Federal Rules of Appellate Procedure & Rules of the 7th Circuit Court of Appeals are available at: http://www.ca7.uscourts.gov/Rules/Rules/rules.pdf

# UNITED STATES DISTRICT COURT
## Southern District of Indiana

**Kristine L. Seufert, Clerk of Court**


Birch Bayh Federal Building
& U.S. Courthouse, Room 105
46 East Ohio Street
Indianapolis, IN 46204
(317) 229-3700

U.S. Courthouse, Room 104
921 Ohio Street
Terre Haute, IN 47807
(812) 231-1840

Winfield K. Denton Federal Building
& U. S. Courthouse, Room 304
101 NW Martin Luther King Blvd.
Evansville, IN 47708
(812) 434-6410

Lee H. Hamilton Federal Building
& U.S. Courthouse, Room 210
121 West Spring Street
New Albany, IN 47150
(812) 542-4510


February 24, 2026

RE: UNITED STATES OF AMERICA v. DAVID CAPERS

CAUSE NO: 3:17-cr-00022-RLY-CSW-1

Dear Appellant:

A Notice of Appeal was filed in the above case on February 23, 2026. However, a "Docketing Statement" was not filed along with the Notice of Appeal, as required by Circuit Rule 3(c) of the U.S. Court of Appeals for the Seventh Circuit. A copy of the rule is attached for reference.

Pursuant to the Seventh Circuit Rule 3(c), the appellant must serve on all parties a docketing statement and file said statement with the Clerk of the Seventh Circuit within seven (7) days of the filing of the Notice of Appeal.

IMPORTANT: Please do not submit the docketing statement to the U.S. District Court. The docketing statement must be filed electronically with the Seventh Circuit pursuant to Circuit Rule 25. If the appellant is proceeding pro se, then the docketing statement should be filed on paper by mailing the same to the address below:

Christopher Conway, Clerk
United States Court of Appeals
219 South Dearborn Street, Suite 2722
Chicago, IL 60604

Please contact the Clerk's office with any questions or concerns.

Sincerely,
Kristine L. Seufert,
Clerk of Court

By Karen Angermeier, Deputy Clerk
8122311842

# Selected Rules for Reference

CIRCUIT RULE 3. Notice of Appeal, Docketing Fee, Docketing Statement, and Designation of Counsel of Record

(a) *Forwarding Copy of Notice of Appeal.* When the clerk of the district court sends to the clerk of this court a copy of the notice of appeal, the district court clerk shall include any docketing statement. In civil cases the clerk of the district court shall include the judgments or orders under review, any transcribed oral statement of reasons, opinion, memorandum of decision, findings of fact, and conclusions of law. The clerk of the district court shall also complete and include the Seventh Circuit Appeal Information Sheet in the form prescribed by this court.

(b) *Dismissal of Appeal for Failure to Pay Docketing Fee.* If a proceeding is docketed without prepayment of the docketing fee, the appellant shall pay the fee within 14 days after docketing. If the appellant fails to do so, the clerk is authorized to dismiss the appeal.

(c)(1) *Docketing Statement.* The appellant must serve on all parties a docketing statement and file it with the clerk of the district court at the time of the filing of the notice of appeal or with the clerk of this court within seven days of filing the notice of appeal. The docketing statement must comply with the requirements of Circuit Rule 28(a). If there have been prior or related appellate proceedings in the case, or if the party believes that the earlier appellate proceedings are sufficiently related to the new appeal, the statement must identify these proceedings by caption and number. The statement also must describe any prior litigation in the district court that, although not appealed, (a) arises out of the same criminal conviction, or (b) has been designated by the district court as satisfying the criteria of 28 U.S.C. §1915(g). If any of the parties to the litigation appears in an official capacity, the statement must identify the current occupant of the office. The docketing statement in a collateral attack on a criminal conviction must identify the prisoner's current place of confinement and its current warden; if the prisoner has been released, the statement must describe the nature of any ongoing custody (such as supervised release) and identify the custodian. If the docketing statement is not complete and correct, the appellee must provide a complete one to the court of appeals clerk within 14 days after the date of the filing of the appellant's docketing statement.

(2) Failure to file the docketing statement within 14 days of the filing of the notice of appeal will lead to the imposition of a $100 fine on counsel. Failure to file the statement within 28 days of the filing of the notice of appeal will be treated as abandonment of the appeal, and the appeal will be dismissed. When the appeal is docketed, the court will remind the litigants of these provisions.

(d) *Counsel of Record.* The attorney whose name appears on the docketing statement or other document first filed by that party in this court will be deemed counsel of record, and a separate notice of appearance need not be filed. If the name of more than one attorney is shown, the attorney who is counsel of record must be clearly identified. (There can be only one counsel of record.) If no attorney is so identified, the court will treat the first listed as counsel of record. The court will send documents only to the counsel of record for each party, who is responsible for transmitting them to other lawyers for the same party. The docketing statement or other document must provide the post office address and telephone number of counsel of record. The names of other members of the Bar of this Court and, if desired, their post office addresses, may be added but counsel of record must be clearly identified. An attorney representing a party who will not be filing a document shall enter a separate notice of appearance as counsel of record indicating the name of the party represented. Counsel of record may not withdraw, without consent of the court, unless another counsel of record is simultaneously substituted.

NOTE: The complete Federal Rules of Appellate Procedure & Rules of the 7th Circuit Court of Appeals are available at: http://www.ca7.uscourts.gov/Rules/Rules/rules.pdf

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:17-cr-00022-RLY-CSW |
| | ) | |
| DAVID CAPERS, | ) | -01 |
| | ) | |
| Defendant. | ) | |

**CLERK'S NOTICE OF APPEAL**

Pursuant to Fed. R. Crim. P. 32(j)(2) and the Order of the Court issued this day, the Clerk hereby files this notice of appeal on behalf of Defendant.

IT IS SO ORDERED.

Date: 2/23/2026

Kristine L. Seufert, Clerk

BY: Tina M. Doyle
Deputy Clerk, U.S. District Court

Distribution: All ECF-registered counsel of record via email

# UNITED STATES DISTRICT COURT

Southern District of Indiana

UNITED STATES OF AMERICA

v.

DAVID CAPERS

**JUDGMENT IN A CRIMINAL CASE**

Case Number: 3:17CR00022-001
USM Number: 52476-424

Samuel E. Adam Jr.
Defendant's Attorney

**THE DEFENDANT:**

☒ pleaded guilty to count 1

☐ pleaded nolo contendere to count(s) which was accepted by the court.

☐ was found guilty on count(s) after a plea of not guilty

The defendant is adjudicated guilty of these offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. §§ 841(a)(1) & 846 | Conspiracy to Possess with Intent to Distribute and to Distribute 1 Kilogram or More of Heroin | May 25, 2017 | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) dismissed on the motion of the United States.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

September 16, 2019
Date of Imposition of Sentence:

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

9/16/2019
Date

A CERTIFIED TRUE COPY
Laura A. Briggs, Clerk
U.S. District Court
Southern District of Indiana
By Tricia M. Blanford
Deputy Clerk

DEFENDANT: David Capers
CASE NUMBER: 3:17CR00022-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **200 months.**

☒The Court makes the following recommendations to the Bureau of Prisons: Be designated to a facility near Chicago, specifically Greenville, IL. Be evaluated for the 500-hour substance abuse treatment program.

☒The defendant is remanded to the custody of the United States Marshal.

☐The defendant shall surrender to the United States Marshal for this district:

☐ at

☐ as notified by the United States Marshal.

☐The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant was delivered on ____________________________ to ________________________________________ at _________________________________, with a certified copy of this judgment.

_________________________________________
UNITED STATES MARSHAL

BY: ____________________________________
DEPUTY UNITED STATES MARSHAL

DEFENDANT: David Capers
CASE NUMBER: 3:17CR00022-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **5 years.**

## MANDATORY CONDITIONS

1. You must not commit another federal, state, or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic least two periodic drug tests thereafter, as determined by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the conditions listed below.

## CONDITIONS OF SUPERVISION

1. You shall report to the probation office in the judicial district to which you are released within 72 hours of release from the custody of the Bureau of Prisons.

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3. You shall permit a probation officer to visit you at a reasonable time at home or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.

4. You shall not knowingly leave the judicial district without the permission of the court or probation officer.

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

DEFENDANT: David Capers
CASE NUMBER: 3:17CR00022-001

10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

12. You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage.

13. You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods.

14. You shall not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, Spice, glue, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption.

15. You shall provide the probation officer access to any requested financial information and shall authorize the release of that information to the U.S. Attorney's Office for use in connection with the collection of any outstanding fines and/or restitution.

16. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches.

I understand that I and/or the probation officer may petition the Court to modify these conditions, and the final decision to modify these terms lies with the Court. If I believe these conditions are being enforced unreasonably, I may petition the Court for relief or clarification; however, I must comply with the directions of my probation officer unless or until the Court directs otherwise. Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the condition of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)

______________________________ ________________
Defendant Date

______________________________ ________________
U.S. Probation Officer/Designated Witness Date

DEFENDANT: David Capers
CASE NUMBER: 3:17CR00022-001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| | Assessment | JVTA Assessment[1] | Fine | Restitution |
|---|---|---|---|---|
| **TOTALS** | $100.00 | | | |

☐ The determination of restitution is deferred until. An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss[2] | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |
| **Totals** | | | |

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

[1] Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

[2] Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: David Capers
CASE NUMBER: 3:17CR00022-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☐ Lump sum payment of $ ______ due immediately, balance due
☐ not later than ______, or
☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☒ Payment to begin immediately (may be combined with ☐ C, ☐ D, ☐ F or ☐ G below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ ______ over a period of ______ *(e.g., months or years)*, to commence ______ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal ______ *(e.g., weekly, monthly, quarterly)* installments of $ ______ over a period of ______ *(e.g., months or years)*, to commence _______ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within ______ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐ If this case involves other defendants, each may be held jointly and severally liable for payment of all or part of the restitution ordered herein and the Court may order such payment in the future. The victims' recovery is limited to the amount of loss, and the defendant's liability for restitution ceases if and when the victims receive full restitution.

G ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s): ______

☒ The defendant shall forfeit the defendant's interest in the following property to the United States: any property which constitutes or is derived from proceeds traceable to the offense.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| DAVID CAPERS,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:21-cv-00080-RLY-CSW |

**Order Granting Motion for Relief under 28 U.S.C. § 2255**

This matter is before the court on a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner David Capers. Dkt. 1. The sole substantive claim made by Mr. Capers is that his trial attorneys provided ineffective assistance of counsel by not adequately consulting with him about his appellate rights, thereby causing him to not be able to appeal. *Id.* at 5. The sole relief sought by Mr. Capers was that he be allowed to file a notice of appeal in his criminal case. *Id.* at 13.

Mr. Capers acknowledged that his § 2255 motion was untimely but asserted that he was entitled to equitable tolling of the filing deadline, due primarily to representations made by his post-conviction counsel. *Id.* at 11; dkt. 2 at 12-18. Recognizing the potential need for an evidentiary hearing to resolve the equitable tolling issue, and the ineffective counsel claim if the court were to conclude that equitable tolling applied, the court appointed counsel to represent Mr. Capers in this matter. Dkt. 24. Counsel subsequently filed an amended § 2255 motion on Mr. Caper's behalf, which only raised the issues Mr. Capers had raised in his original motion. Dkt. 27. The court recently scheduled a hearing in this matter to address the equitable tolling issue, which was to be held on March 2, 2026. Dkt. 29.

The parties have now filed a joint stipulation, in which the United States agrees that Mr. Capers's § 2255 motion should be granted. Dkt. 33. Specifically, "upon further review of the facts and circumstances of this case in preparation for the scheduled evidentiary hearing, the parties agree that Mr. Capers should be afforded a direct appeal." *Id.* at 2.

Therefore, in light of the parties' stipulation, Mr. Capers's amended motion for relief under § 2255 is **GRANTED**. Dkt. [27]. The hearing scheduled for March 2, 2026, is **VACATED**. To implement this ruling, the **clerk is directed** to docket a copy of this Order in cause no. 3:17-cr-00022-RLY-CSW-1, **vacate and reissue** the judgment of September 16, 2019, Crim. Dkt. [301], **terminate** the motion to vacate in that case, Crim. Dkt. [383], and **file** a notice of appeal on Mr. Capers's behalf in that case. Final judgment shall issue by separate entry.

**IT IS SO ORDERED.**

Date: 2/20/2026

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

# *** PUBLIC DOCKET ***

APPEAL,CLOSED

## U.S. District Court
## Southern District of Indiana (Evansville)
## CRIMINAL DOCKET FOR CASE #: 3:17-cr-00022-RLY-CSW-1

| | |
|---|---|
| Case title: USA v. CAPERS et al<br>Related Case: 3:21-cv-00080-RLY-CSW | Date Filed: 06/29/2017<br>Date Terminated: 09/16/2019 |

---

Assigned to: Judge Richard L. Young
Referred to: Magistrate Judge Crystal S. Wildeman

**Defendant (1)**

**DAVID CAPERS**
*TERMINATED: 09/16/2019*

represented by **Samuel E. Adam , Jr.**
LAW OFFICES OF SAM ADAM JR.
9913 South Walden
Chicago, IL 60643
312-560-1153
Email: attysamadamjr@yahoo.com
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Terry Wayne Tolliver**
Brattain Minnix Tolliver
Indiana
1 Indiana Sq.
Ste 1530
Indianapolis, IN 46204
317-231-1750
Email: terry@bmtindy.com
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

| **Pending Counts** | **Disposition** |
|---|---|
| 21:846=CD.F Conspiracy to Distribute Heroin (1) | Pled guilty to count 1. Imprisonment: 200 months. Supervised Release: 60 months. Special Assessment: $100. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

**Plaintiff**

**USA** represented by **Lauren Wheatley**
UNITED STATES ATTORNEY'S OFFICE (Evansville)
101 NW Martin Luther King, Jr. Blvd.
Suite 250
Evansville, IN 47708
(812) 465-6477
Fax: (812) 464-6443
Email: lauren.wheatley@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Government Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/29/2017 | 39 | SEALED INDICTMENT as to DAVID CAPERS (1) count(s) 1, EMANUEL BREWSTER, JR (2) count(s) 1, 2, HARRY CAMPBELL (3) count(s) 1, DEANDRE BREWSTER (4) count(s) 1, 3, JOHN RUTTER (5) count(s) 1, TARANA GRIMES (6) count(s) 1, BRETTON VAUGHN (7) count(s) 1, ROCHELLE BREWSTER (8) count(s) 1. Paper copies to USM. (JRB) (Entered: 06/29/2017) |
| 06/29/2017 | 42 | NOTICE OF ATTORNEY APPEARANCE Lauren M. Wheatley appearing for USA. (JRB) (Entered: 06/29/2017) |
| 06/29/2017 | 44 | PENALTY SHEET as to DAVID CAPERS (1). (JRB) (Entered: 06/29/2017) |
| 07/11/2017 | 75 | NOTIFICATION of Assigned Judge, Automatic Not Guilty Plea, Trial Date, Discovery Order and Other Matters as to DAVID CAPERS (1), EMANUEL BREWSTER, JR (2), HARRY CAMPBELL (3), DEANDRE BREWSTER (4), JOHN RUTTER (5), TARANA GRIMES (6), BRETTON VAUGHN (7), ROCHELLE BREWSTER (8) - Jury Trial set for 9/18/2017 09:00 AM in room #301, United States Courthouse, 101 Northwest MLK Boulevard, Evansville, Indiana before Judge Richard L. Young. SEE ORDER. Signed by Judge Richard L. Young on 7/11/2017. Paper copies to USM.(JRB) Modified on 7/11/2017 (JRB). (Entered: 07/11/2017) |
| 07/14/2017 | 97 | MOTION for Reconsideration *of Release Order* by USA as to DAVID CAPERS (1). (Attachments: # 1 Text of Proposed Order)(Wheatley, Lauren) (Entered: 07/14/2017) |
| 07/14/2017 | 98 | ORDER granting USA's 97 Motion for Reconsideration of Release Order as to DAVID CAPERS (1). Release is stayed pending review by this court. Hearing will be scheduled upon USM notification of defendant's arrival in the Southern District of Indiana. Signed by Judge Richard L. Young on 7/14/2017. (TMD) (Entered: 07/14/2017) |
| 07/17/2017 | 101 | Rule 5(c)(3) Documents Received from Northern District of Illinois as to DAVID CAPERS (1) (Attachments: # 1 Ltr from Clerk, # 2 Order setting conditions of release, # 3 Order staying release, # 4 Appearance Bond, # 5 Order requiring defendant to appear)(RSF) (Entered: 07/17/2017) |
| 07/19/2017 | 111 | NOTICE OF ATTORNEY APPEARANCE: Samuel E. Adam, Jr appearing for DAVID CAPERS (1) (Retained). (Adam, Samuel) (Entered: 07/19/2017) |
| 07/31/2017 | 118 | First MOTION for PRETRIAL RELEASE by DAVID CAPERS (1). (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit)(Adam, Samuel) Modified text on 8/1/2017 (TMB). Modified on 11/21/2017 (TMD). (Entered: 07/31/2017) |
| 07/31/2017 | 120 | First MOTION for Discovery by DAVID CAPERS (1). (Adam, Samuel) (Entered: 07/31/2017) |
| 08/07/2017 | 127 | MINUTE ORDER for proceedings held before Magistrate Judge Matthew P. Brookman: Initial Appearance on Indictment held on 8/4/2017. Defendant DAVID CAPERS (1) appears in person and by retained counsel Samuel Adam. The government appears by AUSA Lauren Wheatley. The United States Probation Office is represented by Zack Marlin. The defendant waives formal reading of the Indictment in open court and waives formal arraignment. The Court advises the defendant of his rights, charges and possible penalties. Rule 16 disclosures are due September 4, 2017. By agreement, the parties request release of the pretrial services report, and there being no cause, the Court grants the request. A Jury Trial is set for September 18, 2017 at 9:00 a.m. before Honorable Judge Richard Young. The defendant is |

| | | |
|---|---|---|
| | | remanded to the custody of the U.S. Marshal. Court is adjourned. Signed by Magistrate Judge Matthew P. Brookman. (TMB) (Entered: 08/07/2017) |
| 08/10/2017 | 128 | SCHEDULING ORDER as to DAVID CAPERS (1) - Detention Hearing set for 9/11/2017 at 10:00 AM in room #301, United States Courthouse, 101 Northwest MLK Boulevard, Evansville, Indiana before Judge Richard L. Young. Signed by Judge Richard L. Young on 8/10/2017. Electronic Notice to USPO.(JRB) (Entered: 08/10/2017) |
| 08/14/2017 | 130 | NOTICE of Change of Attorney Information as to DAVID CAPERS (1). Consistent with Local Rule 5-3, Samuel E. Adam, Jr hereby notifies the Clerk of the court of changed in contact information. (Adam, Samuel) (Entered: 08/14/2017) |
| 09/11/2017 | 142 | COURTROOM MINUTES for detention hearing held 9/11/17 before Judge Richard L. Young. Defendant DAVID CAPERS (1) appears in person and by retained counsel Samuel Adam, Jr. Appearance for the USA by AUSA Lauren Wheatley. The defendant orally moves to continue the detention hearing due to unavailability of a witness. The United States does not object. Detention Hearing reset for 10/27/2017 01:30 PM in room #301, United States Courthouse, 101 Northwest MLK Boulevard, Evansville, Indiana before Judge Richard L. Young. The defendant is remanded to the custody of the U.S. Marshal. (Court Reporter Maggie Techert) Electronic Notice to USPO.(TMD) (Entered: 09/24/2017) |
| 09/12/2017 | 133 | ***PLEASE DISREGARD. STRICKEN BY 139 *** First MOTION to Continue *Trial* by DAVID CAPERS (1). (Adam, Samuel) Modified on 9/13/2017 (JRB). Modified on 9/14/2017 (JRB). (Entered: 09/12/2017) |
| 09/13/2017 | 134 | First MOTION to Strike *133 Defendants motion to continue trial* by DAVID CAPERS (1). (Adam, Samuel) Modified on 9/14/2017 (TMB). (Entered: 09/13/2017) |
| 09/13/2017 | 135 | Second MOTION to Continue *trial date* by DAVID CAPERS (1). (Adam, Samuel) (Entered: 09/13/2017) |
| 09/14/2017 | 139 | MARGINAL ENTRY granting 134 Motion to Strike 133 Motion to Continue as to DAVID CAPERS (1). Signed by Magistrate Judge Matthew P. Brookman on 9/14/2017.(JRB) Modified text on 9/15/2017 (TMB). (Entered: 09/14/2017) |
| 09/19/2017 | 141 | ORDER granting 135 Motion to Continue as to DAVID CAPERS (1) EMMANUEL BREWSTER JR. (2) HARRY CAMPBELL (3) DEANDRE BREWSTER (4) JOHN RUTTER (5) TARANA GRIMES (6) BRETTON VAUGHN (7) and ROCHELLE BREWSTER (8) - The court Vacates the trial setting of 9/18/17 and now RESETS the trial to APRIL 9, 2018, at 9:00 a.m. before the Honorable Richard L. Young, Judge, in room 301 of the Federal Building, 101 NW M.L. King, Jr., Blvd., Evansville, Indiana 47708. Signed by Judge Richard L. Young on 9/19/2017. Electronic Notice to USPO.(JRB) (Entered: 09/19/2017) |
| 10/25/2017 | 143 | SCHEDULING ORDER as to DAVID CAPERS (1) - The detention hearing set for October 27, 2017 is VACATED AND RESET to NOVEMBER 20, 2017 at 10:30 a.m. before the Honorable Richard L. Young, in room 301 of the Federal Building, 101 NW Martin Luther King, Jr., Blvd., Evansville, Indiana 47708. Signed by Judge Richard L. Young on 10/25/2017. Electronic Notice to USPO.(JRB) (Entered: 10/25/2017) |
| 11/20/2017 | 146 | MINUTE ORDER for hearing re 118 Motion for Pretrial release filed by deft held 11/20/2017 before Judge Richard L. Young. Defendant DAVID CAPERS (1) appears in person and by retained counsel Samuel Adam, Jr. Appearance for the USA by AUSA Lauren Wheatley. USPO represented by Zack Marlin. The court hears argument of counsel and testimony. The court finds that there is no combination of conditions that will reasonably assure the appearance of the defendant and the safety of the community. Defendant is remanded to custody of USM. (Court Reporter Maggie Techert) (TMD) (Entered: 11/21/2017) |
| 11/20/2017 | 147 | ORDER OF DETENTION pending trial as to DAVID CAPERS (1). Signed by Judge Richard L. Young on 11/20/2017. (TMD) (Entered: 11/21/2017) |
| 12/04/2017 | 148 | ORDER denying Defendant's 120 Motion for Discovery as to DAVID CAPERS (1). Signed by Judge Richard L. Young on 12/4/2017.(TMD) (Entered: 12/04/2017) |
| 03/23/2018 | 164 | MOTION to Continue by DAVID CAPERS (1). (Adam, Samuel) (Entered: 03/23/2018) |
| 03/23/2018 | 165 | Amended MOTION to Continue by DAVID CAPERS (1). (Adam, Samuel) (Entered: 03/23/2018) |
| 03/23/2018 | 166 | ORDER granting 164 Motion to Continue as to DAVID CAPERS 01, EMANUEL REWSTER, JR. 02, HARRY CAMPBELL, 03, DEANDRE BREWSTER 04, JOHN RUTTER 05, TARANA GRIMES 06, BRETTON VAUGHN 07, ROCHELLE BREWSTER 08 - The court VACATES the trial setting of 4/09/18 |

| | | |
|---|---|---|
| | | and now RESETS the trial to AUGUST 6, 2018, at 9:00 a.m. before the Honorable Richard L. Young, Judge, in room 301 of the Federal Building, 101 NW M.L. King, Jr., Blvd., Evansville, Indiana 47708. Signed by Judge Richard L. Young on 3/23/2018. Electronic Notice to USPO.(JRB) (Entered: 03/23/2018) |
| 07/24/2018 | 173 | Unopposed MOTION to Continue *Trial* by DAVID CAPERS (1). (Adam, Samuel) Modified on 7/25/2018 (JRB). (Entered: 07/24/2018) |
| 07/25/2018 | 175 | Submission of Proposed Order , re 173 Unopposed MOTION to Continue by DAVID CAPERS (1). (Adam, Samuel) (Entered: 07/25/2018) |
| 08/01/2018 | 178 | ORDER granting 173 . 174 , 176 and 177 Motion to Continue Jury Trial as to DAVID CAPERS (1), EMANUEL BREWSTER, JR (2) HARRY CAMPBELL (3) DEANDRE BREWSTER (4) JOHN RUTTER (5) TARANA GRIMES (6) BRETTON VAUGHN (7) ROCHELLE BREWSTER (8) - The court VACATES the trial setting of 8/06/18 and now RESETS the trial to JANUARY 7, 2019, at 9:00 a.m. as to all defendants before the Honorable Richard L. Young, Judge, in room 301 of the Federal Building, 101 NW M.L. King, Jr., Blvd., Evansville, Indiana 47708. Signed by Judge Richard L. Young on 8/1/2018. Electronic Notice to USPO.(JRB) (Entered: 08/01/2018) |
| 12/14/2018 | 185 | Unopposed MOTION to Continue *Trial* by DAVID CAPERS (1). (Attachments: # 1 Text of Proposed Order)(Adam, Samuel) Modified on 12/17/2018 (JRB). (Entered: 12/14/2018) |
| 12/21/2018 | 187 | ORDER granting 185 Motion to Continue Trial as to DAVID CAPERS, 01; EMANUEL BREWSTER, JR. 02; HARRY CAMPBELL 03; DEANDRE BREWSTER 04; JOHN RUTTER 05; TARANA GRIMES 06; BRETTON VAUGHN 07; ROCHELLE BREWSTER 08 - The court VACATES the trial setting of 1/07/19 and now RESETS the trial to MARCH 4, 2019, at 9:00 a.m. The defendants are ordered to appear, with counsel, before the Honorable Richard L. Young, Judge, in room 301 of the Federal Building, 101 NW M.L. King, Jr., Blvd., Evansville, Indiana 47708. Signed by Judge Richard L. Young on 12/21/2018. Electronic Notice to USPO.(JRB) (Entered: 12/21/2018) |
| 01/22/2019 | 198 | PETITION TO ENTER A PLEA OF GUILTY as to DAVID CAPERS (1). (Adam, Samuel) (Entered: 01/22/2019) |
| 03/21/2019 | 231 | MOTION for extension of objection deadline by DAVID CAPERS (1). (Attachments: # 1 Text of Proposed Order)(Adam, Samuel) Modified on 3/22/2019 (JRB). Modified on 3/27/2019 (TMD). (Entered: 03/21/2019) |
| 03/27/2019 | 233 | ORDER granting 231 Motion for Extension of Time to File Objection to Presentence Report to 30 days from this Order as to DAVID CAPERS (1). Signed by Judge Richard L. Young on 3/27/2019.(JRB) (Entered: 03/27/2019) |
| 05/10/2019 | 254 | SENTENCING MEMORANDUM by DAVID CAPERS (1) (Attachments: # 1 Exhibit A-V)(Adam, Samuel) (Entered: 05/10/2019) |
| 06/17/2019 | 275 | SCHEDULING ORDER as to DAVID CAPERS (1) - Change of Plea and Sentencing set for 8/20/2019 at 10:00 AM in room #301, United States Courthouse, 101 Northwest MLK Boulevard, Evansville, Indiana before Judge Richard L. Young. Signed by Judge Richard L. Young on 6/17/2019. Electronic Notice to USPO.(JRB) (Entered: 06/17/2019) |
| 08/08/2019 | 286 | SCHEDULING ORDER as to DAVID CAPERS (1) - Sentencing hearing set for August 20, 2019 is VACATED AND RESET to SEPTEMBER 16, 2019 at 10:00 a.m. The defendant is ordered to appear, with counsel, before the Honorable Richard L. Young, Judge, in room 301 of the Federal Building, 101 NW M.L. King, Jr., Blvd., Evansville, Indiana 47708. Signed by Judge Richard L. Young on 8/8/2019. Electronic Notice to USPO.(JRB) (Entered: 08/08/2019) |
| 08/08/2019 | 287 | AMENDED SCHEDULING ORDER as to DAVID CAPERS (1) - The scheduling order issued 8/08/19 is hereby amended to reflect that the hearing set for SEPTEMBER 16, 2019 is a CHANGE OF PLEA AND SENTENCING HEARING, not just a sentencing hearing, as listed. The defendant is ordered to appear, with counsel, before the Honorable Richard L. Young, Judge, in room 301 of the Federal Building, 101 NW M.L. King, Jr., Blvd., Evansville, Indiana 47708. Signed by Judge Richard L. Young on 8/8/2019. (JRB) (Entered: 08/08/2019) |
| 09/13/2019 | 299 | SENTENCING MEMORANDUM by USA as to DAVID CAPERS (1) (Wheatley, Lauren) (Entered: 09/13/2019) |
| 09/16/2019 | 300 | COURTROOM MINUTES for proceedings held before Judge Richard L. Young: Plea and Sentence Hearing held on 9/16/2019 as to DAVID CAPERS (1). Comes now the government by AUSA Lauren Wheatley, the defendant appears in person and by retained counsels Sam Adam, Jr. and Mike Gillespie, the |

| | | |
|---|---|---|
| | | USPO is represented by Lisa Hunt, for the change of plea and sentencing hearing of the defendant. The court determines the defendant is not under the influence of alcohol or drugs. The court reads the Indictment and advises the defendant of his rights and the maximum and minimum penalties. The government establishes a factual basis for the plea and the defendant agrees with the factual basis. The defendant pleads guilty as charged. The court finds the defendant fully competent and capable of entering an informed plea and now adjudges the defendant guilty. The parties advise the court there are no matters in dispute regarding the presentence report. The parties address the court regarding sentencing. The court now sentences the defendant. The defendant is remanded to the custody of the U.S. Marshal. (Court Reporter Maggie Techert) (TMB) (Entered: 09/16/2019) |
| 09/16/2019 | 301 | ***PLEASE DISREGARD. VACATED PURSUANT TO ORDER IN CASE 3:21-cv-00080-RLY-CSW*** JUDGMENT as to DAVID CAPERS (1), Count(s) 1, Pled guilty to count 1. Imprisonment: 200 months. Supervised Release: 60 months. Special Assessment: $100. Signed by Judge Richard L. Young on 9/16/2019. Electronic notice to USM-C.(JRB) (Entered: 09/18/2019) |
| 01/23/2020 | 320 | Judgment Returned Executed by USM as to DAVID CAPERS (1) on 11/4/19. (NAD) (Entered: 01/24/2020) |
| 05/05/2020 | 326 | MOTION Requesting Copies by DAVID CAPERS (1). (Attachments: # 1 Envelope)(JRB) (Entered: 05/05/2020) |
| 05/06/2020 | 327 | ORDER on 326 Motion for Copies as to DAVID CAPERS (1) - Defendant David Capers' motion for copies, dkt. 326 , is granted in part and denied in part. To the extent that Mr. Capers' requests a copy of his judgment, the motion is granted. The clerk is directed to include a copy of Docket No. 301 with Mr. Capers' copy of this Entry. To the extent that Mr. Capers requests a transcript of his sentencing hearing, the motion isdenied. SEE ORDER. Copy sent to Defendant via US Mail. Signed by Judge Richard L. Young on 5/6/2020. (Attachments: # 1 301 )(JRB) (Entered: 05/06/2020) |
| 01/21/2021 | 368 | MOTION for Transcripts by DAVID CAPERS (1). (Attachments: # 1 Envelope)(AAS) (Entered: 01/22/2021) |
| 01/22/2021 | 367 | MOTION for Extension of Time to File 2255 and Copy Request by DAVID CAPERS (1). Copy to Defendant via US Mail. (Attachments: # 1 Public Docket sheet, # 2 Envelope)(AAS) Modified on 1/22/2021 (AAS). (Entered: 01/22/2021) |
| 01/25/2021 | 371 | ORDER denying 367 Motion for Extension of Time to File as to DAVID CAPERS (1); denying 368 Motion for Transcripts as to DAVID CAPERS (1) Because § 2255 does not provide for extensions of time, Mr. Capers' motion for an extension of time, dkt. 367 , is denied. Mr. Capers is notified that no § 2255 motion has been filed on his behalf. Mr. Capers may file a motion on his own behalf and argue for equitable tolling. The court makes no determination at this time whether such an argument would be successful. The clerk shall include a form motion for relief pursuant to 28 U.S.C. § 2255 with Mr. Capers' copy of this Entry. Mr. Capers requests a copy of his sentencing transcripts, but the sentencing transcript does not exist at this time and will not be produced at public expense. SEE ORDER. Copy to Defendant via US Mail. Signed by Judge Richard L. Young on 1/25/2021. (Attachments: # 1 Form Motion for Relief) (AAS) (Entered: 01/25/2021) |
| 05/14/2021 | 383 | MOTION to Vacate under 28 U.S.C. 2255 by DAVID CAPERS (1). (Attachments: # 1 Envelope)(REO) Civil case 3:21-cv-00080-RLY opened. (Entered: 05/17/2021) |
| 05/14/2021 | 384 | BRIEF/MEMORANDUM in Support re 383 MOTION to Vacate under 28 U.S.C. 2255 by DAVID CAPERS (1) (Attachments: # 1 Envelope)(REO) (Entered: 05/17/2021) |
| 05/14/2021 | 385 | Submission of Declaration in Support of 383 Motion to Vacate under 28 U.S.C. 2255 by DAVID CAPERS (1). (Attachments: # 1 Envelope)(REO) Modified on 5/17/2021 (REO). (Entered: 05/17/2021) |
| 05/14/2021 | 386 | MOTION to Expand the Record by DAVID CAPERS (1). (Attachments: # 1 Envelope)(REO) (Entered: 05/17/2021) |
| 09/22/2021 | 389 | *** SEE DKT. NUMBER 393 FOR REDACTED TRANSCRIPT *** TRANSCRIPT of Plea and Sentencing as to DAVID CAPERS (1) held on September 16, 2019 before Judge Richard L. Young. (55 pages.) Court Reporter/Transcriber: Maggie Techert (Telephone: (812) 205-0682). Please review Local Rule 80-2 for more information on redaction procedures. Redaction Statement due 10/13/2021. Release of Transcript Restriction set for 12/21/2021. (Techert, Maggie) Modified on 12/30/2021 (SWM). (Entered: 09/22/2021) |

| | | |
|---|---|---|
| 09/22/2021 | 390 | NOTICE of FILING of OFFICIAL TRANSCRIPT of Plea and Sentencing held before Judge Richard L. Young on September 16, 2019 in case as to DAVID CAPERS (1) (Techert, Maggie) (Entered: 09/22/2021) |
| 09/22/2021 | 391 | **(Case Participants Document)** REDACTION STATEMENT in case as to DAVID CAPERS (1) re 389 Transcript filed by attorney Lauren Wheatley. (Wheatley, Lauren) (Entered: 09/22/2021) |
| 10/04/2021 | 393 | REDACTED Version of previously filed 389 TRANSCRIPT of Plea and Sentencing as to DAVID CAPERS (1) held on September 16, 2019 before Judge Richard L. Young. (55 pages.) Court Reporter/ Transcriber: Maggie Techert (Telephone: (812) 205-0682). (Techert, Maggie) Released on 12/30/2021 (SWM). (Entered: 10/04/2021) |
| 10/04/2021 | 394 | NOTICE of FILING of OFFICIAL TRANSCRIPT of Plea and Sentencing held before Judge Richard L. Young on September 16, 2019 in case as to DAVID CAPERS (1) (Techert, Maggie) (Entered: 10/04/2021) |
| 11/16/2021 | 396 | ORDER as to DAVID CAPERS (1) - Defendant David Capers's motion to expand the record, dkt 386 , to include an exhibit attached to the motion is summarily denied. The reason for this ruling is that no exhibit was attached to the motion. In addition, Defendant is notified that all papers related to the § 2255 motion should be filed only in civil case number 3:21-cv-80-RLY-MPB. Copy sent to Defendant via US Mail. Signed by Judge Richard L. Young on 11/16/2021.(JRB) (Entered: 11/16/2021) |
| 04/11/2022 | 400 | ORDER granting 399 Motion to Withdraw Attorney Appearance as to DEANDRA BREWSTER. IT IS THEREFORE, CONSIDERED, ORDERED, ADJUDGED AND DECREEDby the Court that the Court appointed CJA counsel Mark A. Foster be, and he hereby is, granted permission to withdraw his appearance for Defendant Deandre Brewster. Signed by Magistrate Judge Matthew P. Brookman on 4/11/2022.(AAS) (Entered: 04/11/2022) |
| 08/25/2023 | 408 | NOTICE of change of address to Ashland FCI by DAVID CAPERS (1) (Attachments: # 1 Envelope)(JRB) (Entered: 08/25/2023) |
| 09/18/2023 | 409 | NOTICE of Change of Address by DAVID CAPERS (1) to Ashland FCI (Attachments: # 1 Envelope) (JRB) (Entered: 09/18/2023) |
| 07/22/2024 | 410 | NOTICE OF ATTORNEY APPEARANCE: Terry Wayne Tolliver appearing for DAVID CAPERS (1) (CJA Appointment). (Tolliver, Terry) (Entered: 07/22/2024) |
| 09/10/2024 | 412 | NOTICE of Reassignment of case as to DAVID CAPERS (1), EMANUEL BREWSTER, JR (2), HARRY CAMPBELL (3), DEANDRE BREWSTER (4), JOHN RUTTER (5), TARANA GRIMES (6), BRETTON VAUGHN (7), ROCHELLE BREWSTER (8) to Magistrate Judge Crystal S. Wildeman. Magistrate Judge Matthew P. brookman is no longer assigned to this case. Please include the new case number, **3:17-cr-00022-RLY-CSW**, on all future filings in this matter. (CCG) (Entered: 09/10/2024) |
| 07/22/2025 | 414 | NOTICE of Change of Address to FCI Hazelton by DAVID CAPERS (1) (JRB) (Entered: 07/22/2025) |
| 12/16/2025 | 432 | MOTION for Compassionate Relief First Step Act by DAVID CAPERS (1). (Attachments: # 1 Cover Letter, # 2 Exhibits)(SAM) (Entered: 12/18/2025) |
| 02/20/2026 | 433 | ORDER as to DAVID CAPERS (1) - ***PLEASE SEE ORDER FOR ADDITIONAL INFORMATION.*** [See case 3:21-cv-00080-RLY-CSW] Signed by District Judge Richard L Young on 2/20/2026. (TPS) (Entered: 02/20/2026) |
| 02/20/2026 | 434 | JUDGMENT as to DAVID CAPERS (1) - Defendant plead guilty to count 1. IMPRISONMENT: 200 months. SUPERVISED RELEASE: 60 months. S.A. Fee: $100. ***PLEASE SEE CASE 3:21-cv-00080-RLY-CSW FOR ADDITIONAL INFORMATION.*** Signed by District Judge Richard L Young on 2/20/2026. Electronic notice to USM-C.(TPS) (Entered: 02/23/2026) |
| 02/23/2026 | 435 | CLERK'S NOTICE OF APPEAL as to DAVID CAPERS (1) - the Clerk hereby files this notice of appeal on behalf of Defendant per Dkt. 433 . (TPS) Modified on 2/24/2026 to update docket text (KAA). (Entered: 02/23/2026) |
| 02/23/2026 | 436 | NOTICE OF APPEAL by DAVID CAPERS (1) re 434 Judgment. (No fee paid with this filing) **Re-docketed to open appeal database and create link to judgment.** (KAA) (Entered: 02/24/2026) |

**Case #: 3:17-cr-00022-RLY-CSW-1**